# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| ANNE ABBOTT, <br> on behalf of her minor child, R.A., <br><br>               Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH <br> AND HUMAN SERVICES, <br><br>             Respondent. | No. 14-907V <br><br> Special Master Christian J. Moran <br><br> Filed: March 19, 2019 <br><br> Attorneys' fees and costs, interim <br> award, expert costs |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Andrew Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner;
Jennifer Reynaud, United States Dep't of Justice, Washington, DC, for respondent.

## PUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS ON AN INTERIM BASIS[1]

    Anne Abbott's claim that a mumps-measles-rubella ("MMR") vaccination harmed her child, R.A., remains pending.  In the meantime, she has filed a second motion requesting an award of attorneys' fees and costs on an interim basis.  Pet'r's Second Fee Appl'n, filed Oct. 22, 2018.  For the reasons explained below, the **petitioner is awarded $58,512.40.**

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website.  Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4).  Any redactions ordered by the special master will appear in the document posted on the website.

## **Procedural History**

The decision on the first motion for attorneys' fees and costs on an interim basis provided a factual background and a summary of the procedural history up through the scheduling of an entitlement hearing on January 19, 2017.  Decision, 2016 WL 4151689, issued July 15, 2016.

The January 2017 hearing was cancelled when Ms. Abbott advised she was seeking to retain a new expert neurologist.  Order, issued July 15, 2016.  Ms. Abbott reported that she had retained Dr. Steinman, who was quite busy, proposed an expert report deadline of December 29, 2016, and accepted that the hearing schedule would be delayed due to Dr. Steinman's schedule.  Pet'r's Stat. Rep., filed Aug. 8, 2016.  Following two extensions of time, Ms. Abbott filed an expert report from Dr. Steinman (exhibit 51) on February 15, 2017.  On May 8, 2017, the Secretary filed a responsive expert from Dr. Forsthuber (exhibit S).

To address Ms. Abbott's Table claim, briefing was ordered.  Order, issued May 16, 2017.  At the time, the parties were also pursuing settlement and scheduling an entitlement hearing on the non-Table claim.

On July 12, 2017, Ms. Abbott moved for a decision on the record for her Table claim.  The Secretary filed a response, and Ms. Abbott filed a reply.  Ms. Abbott's motion was denied, but she was permitted to continue pursuing her Table claim with the submission of more evidence.  Ruling, issued July 9, 2018.  To supplement her case, Ms. Abbott filed expert reports from Dr. Steinman (exhibit 76) and Dr. Siegler (exhibit 80) on August 21, 2018.

At this point, Ms. Abbott filed the instant motion for an award of attorneys' fees and costs on an interim basis.  Pet'r's Second Fee Appl'n, filed Oct. 22, 2018.  The Secretary deferred to the special master's discretion as to the appropriateness of an interim award and to the amount of any interim award.  Resp't's Resp., filed Nov. 5, 2018.  Ms. Abbott then filed a reply generally critiquing the Secretary's "non-response" and reiterating her request for an interim award.  Pet'r's Reply, filed Nov. 6, 2018.

To close the submission of evidence, the Secretary filed his final supplemental expert report from Dr. Zempel (exhibit T) on November 30, 2018.  At a status conference on December 10, 2018, the undersigned advised the parties that they would submit briefs to present their respective cases and, if the case was not decided on the briefs, an entitlement hearing would then be scheduled.  Order,

issued Dec. 12, 2018.  A subsequent order issued describing the briefing requirements and establishing a briefing schedule.  Order, issued Jan. 25, 2019. The parties are currently preparing their briefs.

This motion is now ripe for adjudication.

<u>Analysis</u>

The parties' briefs raise a series of sequential questions, each of which requires an affirmative answer to the previous question.  First, whether Ms. Abbott has submitted evidence that makes her eligible to receive an award of attorneys' fees and costs?  Second, whether, as a matter of discretion, Ms. Abbott should be awarded her attorneys' fees and costs on an interim basis?  Third, what is a reasonable amount of attorneys' fees and costs?  These questions are addressed below.

## I.      Whether the Petitioner's Case Satisfies the Requirements for an Award of Attorneys' Fees and Costs

A petitioner who has not received compensation may be awarded "compensation to cover petitioner's reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim."  42 U.S.C. § 300aa-15(e)(1).

Respondent does not argue that Ms. Abbott lacks good faith, and, as noted in the first fees decision, there is no evidence to indicate Ms. Abbott does not believe her claim is valid.  Thus, the undersigned again finds that the petition was brought and continues to be litigated in good faith.

As of the date of the first fees decision, July 15, 2016, the undersigned had found that petitioner had a reasonable basis.  <u>Decision</u>, 2016 WL 4151689, at *3. For this second motion, the Secretary still does not argue that Ms. Abbott lacks a reasonable basis.  Resp't's Resp. at 3. The undersigned finds that, with Ms. Abbott's submission of more expert reports in support of her claim, she has not lost reasonable basis.

## II.   Whether the Petitioner Should be Awarded Attorneys' Fees and Costs on an Interim Basis as a Matter of Discretion

After a finding of good faith and reasonable basis, the special master may exercise discretion in awarding attorneys' fees and costs on an interim basis. Rehn v. Sec'y of Health & Human Servs., 126 Fed. Cl. 86, 91 (2016) (citing Cloer v. Sec'y of Health & Human Servs., 675 F.3d 1358, 1362 (Fed. Cir. 2012) (en banc), aff'd, 133 S.Ct. 1886 (2012)); Friedman v. Sec'y of Health & Human Servs., 94 Fed. Cl. 323, 334 (2010) (ruling that special master acted within discretion in denying an award of attorneys' fees and costs on an interim basis). The Federal Circuit identified some factors for a special master to consider before awarding attorneys' fees and costs on an interim basis. These include: "protracted proceedings," "costly experts," and "undue hardship." Avera, 515 F.3d at 1352. This list is illustrative, not exhaustive.

Ms. Abbott points to the amount of attorneys' fees ($47,485.00), the amount of expert costs ($50,025.00), and the pendency of this case for over 18 months since the previous motion for attorneys' fees and costs as reasons to support an award of interim fees. Pet'r's Second Fee Appl'n at 3. As noted above, the Secretary has deferred to the undersigned to determine whether an award of interim fees is appropriate. Resp't's Resp. at 2. Based on the factors that Ms. Abbott has discussed, the undersigned finds that an interim award is appropriate.

## III.   What is a Reasonable Amount of Attorneys' Fees and Costs

The final issue is quantifying a reasonable amount for attorneys' fees and costs.

### A.   Attorneys' Fees

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, the lodestar yields a reasonable amount of attorneys' fees. Thus, the analysis below

centers on the two components of the lodestar formula — a reasonable hourly rate and a reasonable number of hours.

        1.      Reasonable Hourly Rates

The petitioner seeks attorneys' fees for work performed by attorney-of-record Andrew Downing, associate attorney Jordan Redman, associate attorney Courtney Van Cott, paralegal Robert W. Cain, and paralegal Danielle P. Avery. The undersigned is obligated to assess the reasonableness of the requested hourly rates regardless of the lack of objection from the Secretary. <u>See</u> <u>McIntosh v. Sec'y of Health & Human Servs.</u>, 139 Fed. Cl. 238 (2018).

Mr. Downing has charged three different rates. Mr. Downing charged $350 per hour for work in 2015/2016, charged $375 per hour for work in 2017, and $385 per hour for work in 2018.

The First Fee Decision found Mr. Downing's requested hourly rate of $350 for 2015/2016 to be reasonable. As for Mr. Downing's requested hourly rate of $375 for 2017, Mr. Downing was previously awarded a rate of $365 for 2017 and was directed to only invoice at that rate for work done in 2017. <u>Bourche v. Sec'y of Health & Human Servs.</u>, No. 15-232V, 2017 WL 2480936, at *4 n.4 (Fed. Cl. Spec. Mstr. May 11, 2017). Despite that previous direction, Mr. Downing has not provided any argument for why the $365 rate is unreasonable. <u>See</u> Pet'r's Second Fee Appl'n at 3-4. Moreover, all of the cases cited by Mr. Downing in support of his hourly rates are from 2016 or earlier. Thus, none of the cited cases can support Mr. Downing's requested rate for 2017, and his 2017 hourly rate will be $365.

In regard to Mr. Downing's requested hourly rate of $385 for 2018, this rate was previously reduced and a rate of $375 was found to be reasonable. <u>Bourche v. Sec'y of Health & Human Servs.</u>, No. 15-232V, 2018 WL 7046894, at *2 (Fed. Cl. Spec. Mstr. Dec. 19, 2018). Because Mr. Downing has not argued why this finding is unreasonable, Mr. Downing's hourly rate for 2018 will remain $375.

Ms. Van Cott has charged two different rates. For her work in 2016/2017, Ms. Van Cott has charged $195 per hour. In 2018, the requested hourly rate for Ms. Van Cott increased to $205 per hour.

The First Fee Decision and another decision found Ms. Van Cott's requested $195 hourly rate for 2016/2017 to be reasonable. <u>Bourche v. Sec'y of Health & Human Servs.</u>, 2017 WL 2480936, at *4. For Ms. Van Cott's 2018 rate, she had

previously been awarded an hourly rate of $200 for work done in 2018 and that rate is still reasonable.  <u>Bourche v. Sec'y of Health & Human Servs.</u>, 2018 WL 7046894, at *2.

Another associate attorney, Mr. Redman, charged a minimal number of hours (0.8) in 2015 at the same rate as Ms. Van Cott, $195 per hour.  The First Fee Decision previously found Mr. Redman's 2015 rate to be reasonable and it remains so.

The two paralegals, Mr. Cain and Ms. Avery, charged a rate of $100 per hour for work in 2015/2016 and $135 per hour for work in 2017/2018.  The First Fee Decision awarded the paralegals a rate of $100 per hour for work done in 2015.  Accordingly, the paralegals' rate of $100 per hour for 2016 is also reasonable.  Mr. Downing has not provided any reasoning for why the paralegal's rate would increase 35 percent to $135 per hour for 2017/2018.  As determined in other cases for these paralegals, a reasonable rate for 2017/2018 is $110 per hour. <u>Bourche v. Sec'y of Health & Human Servs.</u>, 2018 WL 7046894, at *2-3 (<i>citing</i> <u>Semanisin v. Sec'y of Health and Human Servs.</u>, No. 15-1395V, 2017 WL 1398567, at *3 (Fed. Cl. Spec. Mstr. Mar. 21, 2017)).

2.      Number of Hours

The second factor in the lodestar formula is a reasonable number of hours.  Reasonable hours are not excessive, redundant, or otherwise unnecessary.  <u>See</u> <u>Saxton v. Sec'y of Health & Human Servs.</u>, 3 F.3d 1517, 1521 (Fed. Cir. 1993).  In responding to the second motion for an interim award of attorneys' fees and costs, the Secretary also did not directly challenge any of the requested hours as unreasonable.  In light of the Secretary's lack of objection, the undersigned has reviewed the number of hours for reasonableness.  <u>See</u> <u>McIntosh.</u>, 139 Fed. Cl. 238.

Overall, the timesheets from Mr. Downing and people from his law firm are sufficiently detailed that the activities can be assessed for reasonableness.  While most of the timesheet entries are reasonable, the paralegals billed time for filing documents in CM/ECF.  <u>See</u> Pet'r's Second Fee Appl'n, exhibit A at 11-28.  Filing documents is a clerical task for which attorneys and paralegals should not charge. <u>See</u> <u>Guerrero v Sec'y of Health & Human Servs.</u>, No. 12-689V, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015), <u>mot. for rev. denied in relevant part</u>, 124 Fed. Cl. 153, <u>app. dismissed</u>, No. 2016-1753 (Fed. Cir. Apr. 22, 2016).  The paralegals also billed time for perfunctory review of every document

or simple docket entry, notably minute entries and non-pdf scheduling orders, filed in CM/ECF. This billing for clerical tasks merits a reduction of $2,000.00. The remaining billed hours are reasonable.

Therefore, based on the reductions to the attorney/paralegal rates and hours explained above, the **petitioner is awarded $43,608.50 in attorneys' fees.**

B.    Attorneys' Costs

In addition to seeking an award of attorneys' fees, the petitioner seeks an award for her attorneys' costs, totaling $52,803.90. The majority of the costs ($50,025.00) are for the expert fees from Dr. Steinman and Dr. Seigler, which are discussed below. The remainder of the costs are for routine items, such as photocopies, postage, and medical records, are adequately documented and are awarded in full.

Petitioner requests compensation for the expert fees of Dr. Steinman ($12,125.00) and Dr. Siegler ($37,900.00). Reasonable expert fees are also determined using the lodestar method in which a reasonable hourly rate is multiplied by a reasonable number of hours. See Chevalier v. Sec'y of Health & Human Servs., No. 15-001V, 2017 WL 490426, at *3 (Fed. Cl. Spec. Mstr. Jan. 11, 2017).

Dr. Steinman requested an hourly rate of $500 for 24.25 hours of work for two expert reports. Pet'r's Second Fee Appl'n, exhibit A at 43, 51. Dr. Steinman is well-known in the Vaccine Program and his depth of experience, both inside and outside the Program, make his hourly rate reasonable. As for the number of hours billed, Dr. Steinman charged a reasonable number of hours for the two expert reports, but could in the future provide more detail for his time entries. Dr. Steinman's fee is awarded in full.

As for Dr. Siegler, in the First Fee Decision, a determination on the reasonableness of Dr. Siegler's hourly rate ($450) in his first invoice was deferred until the quality of Dr. Siegler's work could be evaluated through his testimony at an entitlement hearing. Decision, 2016 WL 4151689, at *7; Pet'r's Second Fee Appl'n, exhibit A at 41 (Dr. Siegler's first invoice). In his second invoice, Dr. Siegler raised his rate to $500 per hour. Pet'r's Second Fee Appl'n, exhibit A at 50 (Dr. Siegler's second invoice). While petitioner had highlighted Dr. Siegler's experience in her first attorneys' fees and costs motion, petitioner has not provided

any cases that contain a reasoned basis[2] to establish Dr. Siegler's hourly rate. Pet'r's First Fee Appl'n, exhibit A at 31-32.  In the first motion on attorneys' fees and costs, the Secretary made specific objections to Dr. Siegler's hourly rate and proposed an hourly rate of $350.  Resp't's Resp. First Fee Appl'n, filed Aug. 10, 2015, at 18-20.

Since Dr. Siegler has not yet had the opportunity to testify, the undersigned declines to award expert costs at this time for work performed by Dr. Seigler. Following a decision on the parties' briefs or an entitlement hearing, Ms. Abbott may again file for Dr. Siegler's costs, including any additional costs which have been incurred.

The undersigned reduces the amount of interim costs awarded by $37,900.00 (the amount billed for Dr. Seigler's work).  The amount of interim costs awarded is $14,903.90.

## Conclusion

The Vaccine Act permits an award of reasonable attorneys' fees and costs. §15(e).  The undersigned **GRANTS IN PART** Ms. Abbott's motion and **DEFERS** consideration of Dr. Siegler's fee.  Petitioner is awarded $43,608.50 in attorneys' fees and $14,903.90 in attorneys' costs for a total award of $58,512.40. This shall be paid as follows:

> **A lump sum payment of $58,512.40 in the form of a check made payable jointly to petitioner and petitioner's attorney, Andrew D. Downing, of Van Cott & Talamante, PLLC, for attorneys' costs on an interim basis available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith. [3]

---

[2] The undersigned notes that another special master evaluated Dr. Siegler and determined that $400 per hour was a reasonable rate for him.  Zumwalt on Behalf of L.Z. v. Sec'y of Health & Human Servs., No. 16-994V, 2018 WL 6975184, at *5 (Fed. Cl. Spec. Mstr. Nov. 27, 2018).

[3] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgement by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

**IT IS SO ORDERED.**

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master