# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| ANNE ABBOTT, <br> on behalf of her minor child, R.A. <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH <br> AND HUMAN SERVICES, <br><br> Respondent. | No. 14-907V <br> Special Master Christian J. Moran <br><br> Filed: May 14, 2020 <br><br> Attorneys' fees and costs, interim <br> award, expert costs |

* * * * * * * * * * * * * * * * * * * *

<u>Andrew Downing</u>, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner;
<u>Jennifer Reynaud</u>, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' COSTS ON AN INTERIM BASIS[1]

Anne Abbott's claim that a measles-mumps-rubella ("MMR") vaccination harmed her child, R.A., remains pending while the parties explore an informal resolution. The anticipated duration of these discussions justifies an award to cover the previously deferred costs of Dr. David Siegler. For his work, Ms. Abbott is awarded $28,260.00.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website (http://www.cofc.uscourts.gov/aggregator/sources/7). This posting will make the decision available to anyone with the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

## Procedural History

The decision on the first motion for attorneys' fees and costs on an interim basis provided a factual background and a summary of the procedural history up through the scheduling of an entitlement hearing on January 19, 2017. <u>First Interim Fees Decision</u>, 2016 WL 4151689, issued July 15, 2016. From that date, the procedural history is set out in the <u>Second Interim Fees Decision</u>, 2019 WL 1856435, issued March 19, 2019. The Second Interim Fees Decision deferred the costs requested for Dr. Siegler because he had not testified and because an adjudication was expected as the parties were submitting briefs. On March 20, 2019, petitioner moved for reconsideration of the deferral of Dr. Siegler's costs. Subsequently, petitioner moved for reimbursement of Dr. Siegler's costs on May 15, 2019.

After reviewing the parties' entitlement briefs, the undersigned determined that a hearing was appropriate. Order, issued Aug. 20, 2019. In November 2019, the parties advised that the earliest mutually convenient date for a four-day hearing was in October 2020. Order, issued Nov. 21, 2019. On January 6, 2020, the undersigned referred the case to Special Master Oler for alternative dispute resolution.

With guidance from Special Master Oler, the parties have agreed to explore resolution. Due to the extensive needs of R.A., the settlement efforts may take one year. The October 2020 hearing, at the parties' request, has been cancelled. Order, issued Apr. 29, 2020.

The issue of Dr. Siegler's requested costs is now ripe for adjudication.

## Analysis

Ms. Abbott's motion raises a series of sequential questions, each of which requires an affirmative answer to the previous question. First, whether Ms. Abbott has submitted evidence that makes her eligible to receive an award of attorneys' fees and costs? Second, whether, as a matter of discretion, Ms. Abbott should be awarded her attorneys' fees and costs on an interim basis? Third, what is a reasonable amount of attorneys' fees and costs? These questions are addressed below.

### I. Whether the Petitioner's Case Satisfies the Requirements for an Award of Attorneys' Fees and Costs

A petitioner who has not received compensation may be awarded "compensation to cover petitioner's reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim." 42 U.S.C. § 300aa-15(e)(1).

The First Interim Fees Decision and the Second Interim Fees Decision each found that Ms. Abbott possessed a reasonable basis for the claim asserted in her petition. No evidence changes that finding.

### II. Whether the Petitioner Should be Awarded Attorneys' Fees and Costs on an Interim Basis as a Matter of Discretion

After a finding of good faith and reasonable basis, the special master may exercise discretion in awarding attorneys' fees and costs on an interim basis. Rehn v. Sec'y of Health & Human Servs., 126 Fed. Cl. 86, 91 (2016) (citing Cloer v. Sec'y of Health & Human Servs., 675 F.3d 1358, 1362 (Fed. Cir. 2012) (en banc), aff'd, 133 S.Ct. 1886 (2012)); Friedman v. Sec'y of Health & Human Servs., 94 Fed. Cl. 323, 334 (2010) (ruling that special master acted within discretion in denying an award of attorneys' fees and costs on an interim basis). The Federal Circuit identified some factors for a special master to consider before awarding attorneys' fees and costs on an interim basis. These include: "protracted proceedings," "costly experts," and "undue hardship." Avera, 515 F.3d at 1352. This list is illustrative, not exhaustive.

Here, Ms. Abbott has previously demonstrated that an interim award is appropriate. The costs associated with Dr. Siegler were not included with the First and Second Interim Fee Decisions because testimony from Dr. Siegler could lend additional information about the quality of his work in this case, especially since the undersigned has not observed Dr. Siegler testifying previously. Special masters sometimes defer paying the cost for an expert until the expert testifies. See, e.g., Schultz v. Sec'y of Health & Human Servs., No. 16-539V, 2019 WL 5098963, at *4-5 (Fed. Cl. Spec. Mstr. Aug. 28, 2019) (denying mot. for reconsideration on this point); Jones v. Sec'y of Health & Human Servs., No. 16-864V, 2019 WL 5098965, at *3 (Fed. Cl. Spec. Mstr. Aug. 26, 2019); Nifakos v. Sec'y of Health & Human Servs., No. 14-236V, 2018 WL 7286553, at *5 (Fed. Cl. Spec. Mstr. Dec. 12, 2018) (deferring award when expert's invoice is not detailed);

Al-Uffi v. Sec'y of Health & Human Servs., No. 13-956V, 2015 WL 6181669, at *14 (Fed. Cl. Spec. Mstr. Sept. 30, 2015) (noting that interim expert costs are more commonly awarded after a hearing and deferring request for Dr. Siegler).

However, the parties' settlement efforts change the balance. It is foreseeable, although not guaranteed, that the parties will agree to resolve the case informally. If so, a hearing will not be held, and the undersigned would resolve the reasonableness of Dr. Siegler's request as part of an application for final fees without the benefit of hearing his testimony. Alternatively, if settlement efforts do not reach fruition, then Dr. Siegler will remain without payment for probably one year until a hearing can be rescheduled. To avoid this situation, payment for Dr. Siegler is appropriate now.

### III.    What is a Reasonable Amount of Dr. Siegler's Fee

The final issue is quantifying a reasonable amount for Dr. Siegler's costs, who has requested $37,900.00. Reasonable expert fees are determined using the lodestar method in which a reasonable hourly rate is multiplied by a reasonable number of hours. See Chevalier v. Sec'y of Health & Human Servs., No. 15-001V, 2017 WL 490426, at *3 (Fed. Cl. Spec. Mstr. Jan. 11, 2017).

Dr. Siegler began working on this case on December 7, 2014. His initial proposed hourly rate was $450 per hour. He maintained that proposed rate through June 30, 2015. For work performed on or after July 1, 2015, Dr. Siegler proposed $500 per hour. See Pet'r's Second Fee Appl'n, exhibit A at 41 (Dr. Siegler's first invoice), 50 (Dr. Siegler's second invoice). While petitioner had highlighted Dr. Siegler's experience in her first attorneys' fees and costs motion, petitioner did not provide any cases with a reasoned basis to establish Dr. Siegler's hourly rate. Pet'r's First Fee Appl'n, filed July 1, 2015, exhibit A at 31-32. In response to the first motion on attorneys' fees and costs, the Secretary made specific objections to Dr. Siegler's hourly rate and proposed an hourly rate of $350. Resp't's Resp. First Fee Appl'n, filed Aug. 10, 2015, at 18-20. In the second interim attorneys' fees and costs motion, petitioner again did not cite any cases to support Dr. Siegler's hourly rate in the second motion.

In a motion for reconsideration of the Second Interim Fees Decision, petitioner for the first time cited some cases to support Dr. Siegler's hourly rate. Pet'r's Mot. Reconsideration, filed Mar. 20, 2019. In Ahlum, petitioner pointed out that a special master heard Dr. Siegler testify and stated that Dr. Siegler is familiar with how the MMR vaccine triggers an immune reaction. Id. (citing

4

Ahlum v. Sec'y of Health & Human Servs., No. 12-763V, 2018 WL 4323623, at *26 (Fed. Cl. Spec. Mstr. Aug. 16, 2018)). Dr. Siegler's testimony in Ahlum supported one of three vaccines claims in that case (two on-Table and one off-Table) but the petitioners in Ahlum were not awarded compensation based on the claim supported by Dr. Siegler. Ahlum, 2018 WL 4323623, at *44. While the petitioners in Ahlum were summarily awarded attorneys' fees and costs in two interim decisions, neither decision contained a discussion of Dr. Siegler's hourly rate. See Ahlum v. Sec'y of Health & Human Servs., No. 12-763V, 2016 WL 3360423, at *1 (Fed. Cl. Spec. Mstr. May 26, 2016); Ahlum v. Sec'y of Health & Human Servs., No. 12-763V, 2014 WL 4100938, at *1 (Fed. Cl. Spec. Mstr. July 31, 2014). The special master in Al-Uffi v. Sec'y of Health & Human Servs., No. 13-956V (Fed. Cl. Spec. Mstr. Oct. 17, 2017), awarded Dr. Siegler fees without a discussion of his hourly rate, but a few months later in Zumwalt the same special master determined that Dr. Siegler's hourly rate for 2017 and 2018 should be $400. Zumwalt v. Sec'y of Health & Human Servs., No. 16-994V, 2018 WL 6975184, at *5 (Fed. Cl. Spec. Mstr. Nov. 27, 2018). Petitioner cited other cases that did not discuss Dr. Siegler's hourly rate. Pet'r's Mot. Reconsideration at 3-4; see Silverio v. Sec'y of Health & Human Servs., No. 15-235V, 2018 WL 3432889 (Fed. Cl. Spec. Mstr. June 6, 2018); Rich v. Sec'y of Health & Human Servs., No. 12-742V, 2016 WL 3996334 (Fed. Cl. Spec. Mstr. June 30, 2016), aff'd, 129 Fed. Cl. 642 (2016); Ramirez v. Sec'y of Health & Human Servs., No. 16-1180V, 2019 WL 948385 (Fed. Cl. Spec. Mstr. Jan. 30, 2019). Petitioner stated that the cases she had cited were non-exhaustive. Pet'r's Mot. Reconsideration at 4.

In her most recent motion for Dr. Siegler's expert costs, petitioner provided three additional cases not cited in her motion for reconsideration. Pet'r's Mot. for Expert Costs, filed May 15, 2019. The first additional case, Bales, awarded costs for Dr. Siegler but, again, did not contain a discussion of Dr. Siegler's rates. Bales v. Sec'y of Health & Human Servs., No. 15-882V, 2017 WL 2243094 (Fed. Cl. Spec. Mstr. Apr. 26, 2017). In the second additional case, Boyd, the parties stipulated to award petitioner compensation and then also stipulated to attorneys' fees and costs. Boyd v. Sec'y of Health & Human Servs., No. 13-634V, 2015 WL 1161658, at *1 (Fed. Cl. Spec. Mstr. Feb. 13, 2015). In the last additional case, Van Alst, the petitioner was awarded all attorneys' fees and costs on the basis that respondent did not object to the amounts requested. Van Alst v. Sec'y of Health & Human Servs., No. 15-1180V, 2018 WL 655043 (Fed. Cl. Spec. Mstr. Jan. 4,

5

2018).[2]  A Westlaw search for Dr. Siegler did not reveal any other vaccine cases that he participated in.

In reviewing these cases cited by petitioner, the undersigned notes that only one case contained a discussion of Dr. Siegler's hourly rate, Zumwalt, and that case set his hourly rate at $400/hour.  2018 WL 6975184, at *5.  Considering that one discussion of Dr. Siegler's hourly rate, the lack of any other substantive discussions of Dr. Siegler's hourly rate, and the fact that the undersigned has not yet observed Dr. Siegler testify, the undersigned finds that $400/hour is a reasonable hourly rate for Dr. Siegler.

With respect to the number of hours, Dr. Siegler should provide additional detail.  For example, on December 19, 2015, Dr. Siegler states that he spent 2.5 hours when he "reviewed literature."  However, the articles that Dr. Siegler reviewed are not specified and without some information, assessing the reasonableness of his activity is difficult.  A separate issue is that Dr. Siegler has charged his full rate for performing tasks, such as collecting references, that could be delegated to a person charging a lower hourly rate.  For these reasons, an additional 10 percent is removed from Dr. Siegler's invoice.

Accordingly, a reasonable amount of compensation for Dr. Siegler's work is $28,260.00.

## Conclusion

The Vaccine Act permits an award of reasonable attorneys' costs.  § 15(e).  This shall be paid as follows:

**A lump sum payment of $28,260.00 in the form of a check made payable jointly to petitioner and petitioner's attorney, Andrew D. Downing**, **of Van Cott & Talamante, PLLC, for attorneys' costs on an interim basis available under 42 U.S.C. § 300aa-15(e).**

---

[2] While the fees decision in Van Alst was not challenged, other cases using the same reasoning were challenged and reversed on review.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018) (holding that special masters must make an independent evaluation of the reasonableness of attorneys' fees and costs even without any objections from respondent).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

s/Christian J. Moran  
Christian J. Moran  
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgement by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.