# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| ANNE ABBOTT on behalf of her minor child, R.A., | * * * |
| | *   No. 14-907V |
| Petitioner, | *   Special Master Christian J. Moran |
| | * |
| v. | *   Filed: July 15, 2022 |
| | * |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | *   Attorneys' Fees and Costs <br> * <br> * |
| Respondent. | * |

* * * * * * * * * * * * * * * * * * * * *

Andrew D. Downing, Downing, Allison & Jorgenson, Phoenix, AZ, for Petitioner;
Darryl R. Wishard, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On July 24, 2021, petitioner Anne Abbott moved for final attorneys' fees and costs. She is awarded **$71,863.04.**

\* \* \*

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

An extensive overview of the long and complex history of this case is available in the undersigned's prior opinion awarding attorneys' costs on an interim basis. 2020 WL 8766524 (Fed. Cl. Spec. Mstr. Dec. 4, 2020).  Briefly, petitioner, on behalf of her minor child R.A., filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that a measles, mumps, and rubella vaccine R.A. received on June 12, 2012, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused her to suffer an encephalopathy.  The instant motion concerns work performed by counsel from October 22, 2018, to the present. During this time, petitioner drafted and filed prehearing submissions, supplemental medical literature and explanations thereof, and participated in ADR. Additionally, petitioner appealed the undersigned's decision awarding interim fees. As a result of ADR, the parties were able to file a stipulation for award on July 13, 2021, which the undersigned adopted as his decision awarding compensation on July 19, 2021. 2021 WL 3417037.

On July 24, 2021, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $65,774.00 and attorneys' costs of $8,213.54 for a total request of $73,987.64. Fees App. at 3. Pursuant to General Order No. 9, petitioner warrants that she has not personally incurred any costs related to the prosecution of his case. Id. at 2. On August 9, 2021, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs.  Id. at 3. Petitioner did not file a reply thereafter.

\*   \*   \*

Because petitioner received compensation, she is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).  Thus, the question at bar is whether the requested amount is reasonable

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the

2

number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349.  There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work during this period was done outside of the District of Columbia.

Petitioner requests the following hourly rates for the work of her counsel: for Mr. Andrew Downing, $385.00 per hour for all work performed from 2018-2020; and for Ms. Courtney Van Cott, $205.00 per hour for work performed in 2018 and 2019 and $275.00 per hour for work performed in 2020. The undersigned has previously found these rates to be reasonable for the work of Mr. Downing and Ms. Van Cott, and they are reasonable for work in the instant case as well. Bourche v. Sec'y of Health & Human Servs., No. 15-232V, 2020 WL 6582180 (Fed. Cl. Spec. Mstr. Oct. 16, 2020).

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours.  Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).  The Secretary also did not directly challenge any of the requested hours as unreasonable.

Upon review of the submitted billing records, the undersigned finds most time billed to be reasonable.  The timesheet entries are sufficiently detailed such

that the undersigned can assess their reasonableness. However, two issues necessitate a reduction. First, paralegals duplicated work Ms. Van Cott already performed by reviewing routine court orders. Similarly, paralegals charged for administrative tasks such as filing documents and reviewing and paying invoices. These issues have previously been noted concerning Van Cott & Talamante paralegals. Second Fees Decision, 2018 WL 7046894, at *3; Sheridan v. Sec'y of Health & Human Servs., No. 17-669V, 2019 WL 948371, at *2-3 (Fed. Cl. Spec. Mstr. Jan. 31, 2019); Moran v. Sec'y of Health & Human Servs., No. 16-538V, 2019 WL 1556701, at *4 (Fed. Cl. Spec. Mstr. Jan. 23, 2019). Upon review, an appropriate reduction for these issues is $892.50. However, the undersigned notes that in future cases in which these same issues arise, the reduction will increase to reflect both a reduction of inappropriately billed time billed and a deterrent aspect to offset the increased use of judicial resources necessary to address these repetitive issues. See, e.g., Burgos v. Sec'y of Health & Human Servs., No.16-903V, 2022 WL 1055355, at *3 (Fed. Cl. Spec. Mstr. Mar. 15, 2022).

A secondary issue is time spent by counsel in preparing a response to the undersigned's travel order issued on November 21, 2019. That order invited petitioner to seek exemption by explaining why proposed costs are reasonable in advance of incurring such a cost. Petitioner's response was five pages (inclusive of the case caption and several large pictures) and argued in general terms with the undersigned's instructions rather than present a sum certain that petitioner anticipated incurring and advocating for its reasonableness. The amount of time Mr. Downing spent on its drafting (4.7 hours) is also excessive based upon the substance of the motion. The undersigned will credit counsel with 1.5 hours for the preparation of this document. Reduction of the excess hours results in a reduction of $1,232.00.

Petitioner is therefore awarded final attorneys' fees of $63,649.50.

C.   Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $8,213.54 in costs. This amount is comprised of acquiring medical records, legal research charges, postage, work performed by petitioner's medical expert, Dr. Lawrence Steinman, and work performed by a local attorney in establishing a guardianship for R.A. The requested costs are reasonable. Dr. Steinman's invoice presents a reasonable hourly rate ($550.00 per hour) and a reasonable number of hours (7.0 hours) consistent with what the undersigned has previously approved.

See Jenson v. Sec'y of Health & Human Servs., No. 17-482V, 2022 WL 1860183, at *3 (Fed. Cl. Spec. Mstr. May 4, 2022); Anderson v. Sec'y of Health & Human Servs., No. 14-879V, 2020 WL 3495950, at *2 (increasing Dr. Steinman's rate to $550.00 per hour). The costs attributable to the work of petitioner's guardianship attorney are also reasonable ($1,500.00 as a flat fee and court costs of $154.00 for a total of $1,654.00). The undersigned has previously found guardianship attorney costs more expensive than what is claimed here to be reasonable. See Leigh v. Sec'y of Health & Human Servs., No. 17-444V, 2019 WL 3815754, at *3-4 (Fed. Cl. Spec. Mstr. Jul. 19, 2019). Accordingly, the full amount of attorneys' costs shall be awarded.

D.   Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$71,863.04** (representing $63,649.50 in attorneys' fees and $8,213.54 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and her attorney, Mr. Andrew Downing.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.